IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JESUS SOTO-SIGALA | § | |
| v. | § | CIVIL ACTION NO. 6:16cv918 |
| DIRECTOR, TDCJ-CID | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Petitioner Jesus Soto-Sigala, a prisoner of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. Background**

Soto-Sigala pleaded guilty to and was convicted of intoxication manslaughter and intoxication assault on September 30, 2011, receiving concurrent sentences of 40 and 20 years in prison. He did not take a direct appeal, but sought state habeas corpus relief on October 8, 2015. His state habeas applications were denied without written order on March 2, 2016, and Soto-Sigala filed his federal habeas corpus petition on June 14, 2016.

In his petition, Soto-Sigala complained that he received ineffective assistance of counsel, the trial court abused its discretion by rejecting earlier plea agreements when Soto-Sigala was under the jurisdiction of the federal government rather than the State of Texas because he had unlawfully re-entered the United States after being deported, the prosecutor fabricated a record of prior criminal

1

offenses, and the sentence was excessive because his offenses carry a maximum of 20 years in prison.

The Respondent filed an answer arguing that Soto-Sigala's petition was barred by the statute of limitations. Soto-Sigala filed a response to the answer maintaining that he entered his guilty plea based on "misleading information," his claims show constitutional violations, he was under federal and not state jurisdiction, and he should be entitled to equitable tolling because he is an illegal alien who cannot read or understand English, although he states that he has taken the time to learn the law and read and write specifically to challenge his conviction. In addition, Soto-Sigala contends that the limitations period should be tolled because the trial court lacked jurisdiction and the judgments were null and void.

## II. The Magistrate Judge's Report

After review of the pleadings, the Magistrate Judge issued a Report recommending that the petition be dismissed based on the expiration of the statute of limitations. The Magistrate Judge observed that Soto-Sigala's conviction became final on October 30, 2011, and his limitations period therefore expired on October 30, 2012, almost three years before he sought state habeas corpus relief. The Magistrate Judge determined that Soto-Sigala failed to show any valid basis for equitable tolling of the limitations period and did not set out a viable claim of actual innocence.

## III. The Objections to the Report

In his objections, Soto-Sigala states that he originally pleaded guilty for two 20-year sentences, but the trial court rejected the plea bargain without allowing him to withdraw his plea of guilt. He then signed a plea agreement for a 30 year sentence, which was also rejected, and finally a plea agreement for a 40-year sentence, which the trial court accepted. Soto-Sigala states he was told he would get 65 years if the case went to trial.

Although the Magistrate Judge stated that Soto-Sigala did not take a direct appeal, Soto-Sigala asserts that he attempted to appeal, but his defense counsel told him that he could not because he had waived his right to appeal and the judge would not sign a certificate allowing him to appeal.

Soto-Sigala contends that his state and federal habeas corpus applications clearly showed he received ineffective assistance of counsel because his attorney, Randall Gilbert, aided the State in fabricating a criminal record for Soto-Sigala. Furthermore, Soto-Sigala claims he clearly showed that 20 years was the maximum sentence he faced had he gone to the jury. He again asserts that the trial court lacked jurisdiction and argues that he is in prison illegally because he is not under state jurisdiction.

Soto-Sigala appears to argue that a civil lawsuit was filed against him which somehow operates to toll the statute of limitations. He claims that extraordinary circumstances in his case justify equitable tolling and again states he cannot read or write English, but had the help of a fellow prisoner named Resendez. He asserts that he is actually innocent because "all crime is federal" and states play nothing more than a role to enforce federal law.

## IV. Discussion

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) provides for a one-year statute of limitations in habeas corpus proceedings. As set out in 28 U.S.C. §2244(d), this one-year limitations period runs from the latest of the following: (1) the date the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which an impediment to filing created by state action in violation of the Constitution or laws of the United States is removed; (3) the date on which the constitutional right asserted was recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The Magistrate Judge correctly computed the time periods and determined that Soto-Sigala's limitations period expired almost three years before he sought state habeas corpus relief. The Magistrate Judge also properly concluded that Soto-Sigala's state habeas corpus petition, filed after the federal limitations period ended, did not extend any portion of that period. *Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999).

Soto-Sigala's assertions that the trial court lacked jurisdiction and that his convictions are void are without merit. The fact that he was in the United States unlawfully did not deprive the state district court of jurisdiction over him. *See, e.g.*, *Carranza v. State*, 980 S.W.2d 653, 657 (Tex.Crim.App. 1998). In any event, this Court and others have held that habeas petitioners cannot evade the statute of limitations by the simple expedient of arguing that the conviction was void. *Randall v. Director, TDCJ-CID*, civil action no. 2:07cv204, 2008 U.S. Dist. LEXIS 39835, 2008 WL 2129231 (E.D.Tex., May 16, 2008), *citing Nortenson v. Reid*, 133 F.App'x 509, 2005 U.S. App. LEXIS 9860, 2005 WL 1253964 (10th Cir., May 27, 2005).

The state court records show that according to the indictment, Soto-Sigala had a prior felony conviction for unlawful re-entry. As a result, he was charged with a second degree felony enhanced by a prior felony, giving him a punishment range of five to 99 years or life in prison. His assertion that he had a maximum sentence of 20 years is incorrect, and he offers nothing to substantiate his claim that his prior criminal record was "fabricated." *See Ross v. Estelle*, 694 F.2d 1008, 1011-12 and n.2 (5th Cir. 1983) (absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his petition, unsupported and unsubstantiated by anything else contained in the record, to have probative evidentiary value). The state district court found as a fact that this claim was false, and Soto-Sigala has failed to overcome this finding by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

Although Soto-Sigala contended that he could not read or understand the English language, the courts have held that as a general rule, lack of familiarity with the English language does not warrant equitable tolling. See, e.g., *Yang v. Archuleta*, 525 F.3d 925, 929–30 (10th Cir. 2008) (lack of proficiency in English is not extraordinary circumstance warranting equitable tolling); *United States v. Montano*, 398 F.3d 1276, 1280 n.5 (11th Cir. 2005) (difficulties with the English language are not extraordinary circumstances so as to form a basis for equitable tolling; *Mendoza v. Minnesota*, 100 F. App'x 587, 2004 U.S. App. LEXIS 5168, 2004 WL 540272 (8th Cir. 2004) (lack of fluency in English does not constitute an extraordinary circumstance that justifies equitable

4

tolling); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (inability to speak, write, or understand English, in and of itself, does not automatically justify equitable tolling).

Furthermore, Gilbert's affidavit stated that Soto-Sigala's command of English was good enough that he, Gilbert, was able to discuss the case with Soto-Sigala without need of an interpreter. The state district court found as a fact that Gilbert's affidavit was consistent with the record of the case and that Gilbert was a credible witness.

The record shows that Soto-Sigala has failed to show any exceptional circumstances justifying equitable tolling of the statute of limitations. *Howland v. Quarterman*, 507 F.3d 840, 845 (5th Cir. 2007) (habeas petitioner has the burden of establishing that equitable tolling is warranted). In order to accomplish this, the petitioner must show that he has been pursuing his rights diligently but some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010).

The lapse of almost four years between the date Soto-Sigala was convicted and the filing of his first challenge to this conviction through the state habeas corpus process plainly demonstrates a lack of reasonable diligence. The fact that a civil lawsuit may have been filed against him does not toll the statute of limitations for federal habeas corpus proceedings. Nor has he set forth a credible showing of actual innocence. Soto-Sigala's objections are without merit.

## V. Conclusion

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Petitioner's objections are overruled and the Report of the Magistrate Judge (docket no. 11) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled application for the writ of habeas corpus is **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that the Petitioner Jesus Soto-Sigala is **DENIED** a certificate of appealability *sua sponte*. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED.**

**So Ordered and Signed**
**Jun 9, 2017**

_____
Ron Clark, United States District Judge